UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER JAMES,<br><br>Defendant. | 5:19-CR-50167-KES-8<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Christopher James, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 663. Plaintiff, the United States of America, opposes James's motion. Docket 667. For the following reasons, James's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

James's guideline range, based on a total offense level of 34 and a criminal history category of III, was 188 to 235 months in custody. Docket 532-1 at 1. He received two "status points" for committing the instant offense while under a criminal justice sentence. Docket 516 at 11. On December 16, 2021, the court sentenced James to 235 months in custody for committing the offense of conspiracy to distribute a controlled substance. Docket 532 at 1-2.

On March 21, 2024, James filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 663. He states he "was on probation when [he] caught [his] current federal case and was subject to the two-point status point enhancement to [his] criminal history score" and requests a sentence of 168 months in custody. *Id.* at 2.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal

history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Thus, a person who received 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise received 6 criminal history points or fewer receives no "status points." The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

James meets the criteria for such a reduction; however, this change makes no difference because, even after a 2-point reduction, he remains in the same Guideline range.

James was in Criminal History Category III because he had a Criminal History Score of 6. Docket 516 at 11. After the application of the amendment to U.S.S.G. § 4A1.1(e), he would receive no "status points." James would then have a total of 4 Criminal History Points, which would keep him in Criminal History Category III. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table)(4, 5, or 6 Criminal History Points places an individual in Criminal History Category III). Because James would remain in the same Criminal History Category, the amendment has no impact on his Guideline range. Therefore, the court denies James's motion.

## CONCLUSION

It is ORDERED that James's motion (Docket 663) is DENIED.

Dated April 16, 2024.

                BY THE COURT:

                */s/ Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE